KEENE CONVENIENT MART, INC. v. SSS BAND BACKERS

[109 N.C. App. 384 (1993)]

———————————

KEENE CONVENIENT MART, INC., PLAINTIFF v. SSS BAND BACKERS AND JACKIE HAWLEY, DEFENDANTS

No. 9111SC1226

(Filed 16 March 1993)

**Gambling § 29 (NCI4th) — raffle — invalidated — disposition of proceeds**

The trial court did not err by invalidating a raffle, but erred by allowing defendant SSS to retain the proceeds, where defendant SSS organized a raffle offering a new automobile or its cash equivalent as a grand prize; the name of all ticket holders appeared on a wall and names were removed as tickets were taken from a cage; it was discovered that four names remained on the wall when only three tickets remained in the cage; defendant Hawley's name remained on the wall but her ticket was not in the cage; a ticket containing defendant Hawley's name was placed in the cage; the ticket containing

KEENE CONVENIENT MART, INC. v. SSS BAND BACKERS

[109 N.C. App. 384 (1993)]

defendant Hawley's name was the last to be drawn from the cage; SSS refused to award the automobile to anyone; a complaint was filed; and the court granted summary judgment for defendant SSS, ruling that the event lost its random character when the Hawley ticket was put in the basket and ordering that SSS was entitled to keep all funds received as charitable contributions, with a provision by which ticket holders could reclaim the purchase price less the value of the meal. The randomness of the drawing required by N.C.G.S. § 14-309.15(b) was destroyed once the discrepancy was discovered and the event no longer qualified as a lawful raffle. Under N.C.G.S. § 14-299, the trial court should have ordered that the proceeds be paid to the county's general fund with a deduction for the cost of provision of meals. There is no "charitable contribution" exception in N.C.G.S. § 14-299 or in N.C.G.S. § 14-309.15.

**Am Jur 2d, Gambling §§ 5, 17-19, 41, 170, 264.**

**Validity and construction of statute exempting gambling operations carried on by religious, charitable, or other nonprofit organizations from general prohibitions against gambling. 42 ALR3d 663.**

Appeal by defendant Jackie Hawley from order filed 17 July 1991 by Judge Robert H. Hobgood in Johnston County Superior Court. Heard in the Court of Appeals 10 November 1992.

Defendant SSS Band Backers (hereinafter "SSS") organized a raffle offering a new automobile or its equivalent value in cash as a grand prize. Tickets were sold for $100.00 each. The raffle was conducted 17 November 1989. The name of all ticket holders appeared on a wall. As each ticket was taken out of a cage, the name of the person to whom that ticket belonged was taken off the wall.

When only three tickets remained in the cage, it was discovered that four names remained on the wall. Defendant Hawley's name remained on the wall but defendant Hawley's ticket was not in the cage. At that point, the raffle managers placed a ticket containing defendant Hawley's name in the cage. When drawing was resumed, the ticket containing defendant Hawley's name was the last ticket to be drawn from the cage. After various protests, defendant SSS refused to award the automobile to anyone. A repre-

sentative of plaintiff was not present and the regulations of the drawing did not require a ticket holder to be present to win.

On 17 September 1990, plaintiff Keene Convenient Mart, Inc., filed a complaint seeking to recover the value of the car by alleging breach of contract, negligence, and unfair and deceptive trade practices against defendant SSS. The complaint further alleged that a conspiracy existed between defendant SSS and defendant Hawley. Defendant Hawley answered and crossclaimed. In its answer, defendant SSS admitted drawing Hawley's name and failing to award the prize to defendant Hawley.

On 20 May 1991, defendant Hawley filed a motion for summary judgment pursuant to G.S. 1A-1, Rule 56. On 16 July 1991, the trial court granted summary judgment in favor of defendant SSS by entering the following order:

> . . . the events that occurred are not in dispute. General Statute 14-309.15 defines an authorized raffle as "A game in which the prize is won by random drawing of the name or number of one or more persons purchasing chances." The court rules as a matter of law that the defendant, SSS Band Backers, by putting the ticket of Jackie Hawley in the basket, after some of the names already had been drawn, changed the character of the event. The event lost its character of a random drawing and from that point forward constituted a slanted game of chance which did not comply with the term "raffle" as defined in North Carolina General Statute 14-309.15, and is void as against public policy. The vehicle, or its value cannot go to any ticket holder. The court orders that all money was in effect, a charitable contribution as of that point, less the value of the meal.

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that summary judgment is granted in favor of defendant, SSS Band Backers, and denies the defendant Jackie Hawley's motion for summary judgment.

> IT IS FURTHER ORDERED that the defendant, SSS Band Backers is entitled to keep all funds received from this event as charitable contributions to be used to support the SSS Band. Each ticket holder may, however, reclaim his or its $100, less the value of the meal, upon providing to SSS Band Backers a notarized statement that each such ticket holder intends

to file an amended income tax return deleting any charitable contribution deduction claimed for purchase of the ticket.

IT IS FURTHER ORDERED that this action is dismissed with the costs to be taxed against the defendant, Jackie Hawley, and plaintiff, Keene Convenient Mart, Inc.

Defendant Hawley appeals.

*No brief filed for plaintiff-appellee.*

*Armstrong & Armstrong, P.A., by L. Lamar Armstrong, Jr., for defendant-appellant Jackie Hawley.*

*Lucas, Bryant & Denning, P.A., by Robert V. Lucas and Alan B. Hewett, for defendant-appellee SSS Band Backers.*

EAGLES, Judge.

Defendant Hawley contends that the trial court erred by invalidating the raffle and by allowing defendant SSS to retain the proceeds of the tickets sold for the raffle since the grand prize was never awarded due to mistakes arising from defendant SSS's internal procedures and decisions. We agree in part and affirm the trial court's decision invalidating the raffle. However, we vacate the portion of the order authorizing defendant SSS to retain the proceeds and remand for entry of an order consistent with this opinion.

G.S. 14-292 provides that "Except as provided in Part 2 of this Article, any person or organization that operates any game of chance or any person who plays at or bets on any game of chance at which any money, property, or other thing of value is bet, whether the same be in stake or not, shall be guilty of a misdemeanor." G.S. 14-291 provides that

Except in connection with a lawful raffle as provided in Part 2 of this Article [37], if any person shall sell, barter or otherwise dispose of any lottery ticket or order for any number of shares in any lottery, or shall in anywise be concerned in such lottery, by acting as agent in the State for or on behalf of any such lottery, to be drawn or paid either out of or within the State, such person shall be guilty of a misdemeanor, and shall be punished as provided for in G.S. 14-290.

*See also* G.S. 14-289; G.S. 14-290.

Each of these statutes refer to exceptions set forth in Part 2 of Article 37. Under Part 2 of Article 37, G.S. 14-309.15(a) provides that "It is lawful for any nonprofit organization or association, recognized by the Department of Revenue as tax-exempt pursuant to G.S. 105-130.11(a), to conduct raffles in accordance with this section." G.S. 14-309.15(b) defines a raffle as "a game in which the prize is won by random drawing of the name or number of one or more persons purchasing chances." Accordingly, by using a "raffle" with a car as the grand prize as an inducement for people to buy tickets at a price of $100.00 each, defendant SSS was obligated by virtue of G.S. 14-309.15(b) to ensure that: (1) the designated prize would be given to a ticket holder, and (2) the method of selecting that ticket holder would be random. Here, neither occurred.

We agree with the trial court that once the discrepancy was discovered, the randomness of the drawing required by G.S. 14-309.15(b) was destroyed from that point forward and the event no longer qualified as a lawful raffle under the statutory definition. The randomness required by G.S. 14-309.15(b) could not be restored by simply placing defendant Hawley's ticket into the cage. The only way to have restored randomness at that point would have been by commencing a new drawing with *all* names being placed in the cage once again. Since the event as conducted no longer qualified as a lawful raffle, the trial court properly declared the event void pursuant to G.S. 14-292. *See Animal Protection Society v. State of North Carolina*, 95 N.C. App. 258, 264, 382 S.E.2d 801, 805 (1989) ("The 'bingo statutes' in Part 2 [of Article 37] permit charitable, civic, religious, and certain other tax exempt organizations to conduct bingo games and *raffles*, but only under *strictly* limited circumstances." (Emphasis added.)).

However, we hold that the trial court erred in its disposition of the proceeds. G.S. 14-299 provides:

All moneys or other property or thing of value exhibited for the purpose of alluring persons to bet on any game, or used in the conduct of any such game, including any motor vehicle used in the conduct of a lottery within the purview of G.S. 14-291.1, shall be liable to be seized by any court of competent jurisdiction or by any person acting under its warrant. Moneys so seized shall be turned over to and paid to the treasurer of the county wherein they are seized, and placed in the general

fund of the county. Any property seized which is used for and is suitable only for gambling shall be destroyed, and all other property so seized shall be sold in the manner provided for the sale of personal property by execution, and the proceeds derived from said sale shall . . . be turned over and paid to the treasurer of the county wherein the property was seized, to be placed by said treasurer in the general fund of the county.

Accordingly, the trial court should have ordered that the proceeds be paid to the county's general fund rather than to defendant SSS, whose mistakes ultimately prohibited the proper awarding of the promised grand prize that had served as an inducement in the sale of tickets.

The trial court stated that at the time the randomness of the event ended, "all money was in effect, a charitable contribution as of that point." We find no "charitable contribution" exception in G.S. 14-299 or in G.S. 14-309.15. "The intent of the Legislature controls the interpretation of a statute." *Jolly v. Wright*, 300 N.C. 83, 86, 265 S.E.2d 135, 139 (1980). The phrase "[a]ll moneys or other property or thing of value" in G.S. 14-299 is comprehensive. Similarly, we note that when the General Assembly enacted G.S. 14-309.15 (entitled "Raffles") in 1983, they did not provide an exception to G.S. 14-299 (which was enacted prior to G.S. 14-309.15), despite the fact G.S 14-309.15(a) specifically authorizes "any non-profit organization or association, recognized by the Department of Revenue as tax-exempt" to conduct raffles. Although tax-exempt nonprofit entities are expressly authorized to conduct raffles by G.S. 14-309.15, there is no "charitable contribution" exception to G.S. 14-299. G.S. 14-299 controls when the procedure used in a raffle violates the "randomness" provision of G.S. 14-309.15.

Finally, we recognize that each ticket entitled its holder to a meal provided by defendant SSS as well as an entry in the raffle. Accordingly, the cost of the provision of these meals may be deducted from the total proceeds that shall be paid to the county's general fund pursuant to G.S. 14-299. Accordingly, the portion of the trial court's order dealing with the disposition of the proceeds is vacated and the cause is remanded for entry of an order consistent with this opinion.

Affirmed in part; vacated in part and remanded.

Judges ORR and JOHN concur.